UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

LEONEL MARTINEZ                                                                                    PLAINTIFF

v.                                                                          CIVIL ACTION NO. 5:13CV-P53-R

RANDY WHITE, WARDEN *et al.*                                                                  DEFENDANTS

## MEMORANDUM AND ORDER

This matter is before the Court on two *pro se* motions filed by Plaintiff.

*Motion for Appointment of Counsel (DN 5)*

In a civil case, like this 42 U.S.C. § 1983 action, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). It lies within the discretion of the court. 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). Appointment of counsel "is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel at this early stage in the litigation. Further, based on a review of the documents filed by Plaintiff thus far, the Court finds that Plaintiff is articulate and able to

represent himself sufficiently at this time. Consequently, the Court finds that Plaintiff has not set forth any "exceptional circumstances" warranting appointment of counsel. Accordingly,

For these reasons, the motion for appointment of counsel (DN 5) is **DENIED**.

*Motion for Leave to File One Copy of the Brief with a White Cover Page (DN 6)*

Plaintiff states that although the rules require him to file five copies of his brief, he does not have sufficient funds, and that although the rules require him to file his brief with a red cover page, he does not have access to colored paper. The Court presumes Plaintiff is actually referring to the complaint when he mentions "brief" in his motion. Regardless, the rules of this Court do not require five copies or colored covers. Plaintiff may be referring erroneously to the procedural rules of the Kentucky appellate courts. In this federal district court, however, one copy of the complaint on white paper is all that is required. Plaintiff's motion (DN 6), therefore, is **GRANTED**.

Date:

cc: Plaintiff, *pro se*
4413.005