# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

LEONEL MARTINEZ                                                                                   PLAINTIFF

v.                                                                         CIVIL ACTION NO. 5:13CV-P53-R

RANDY WHITE, WARDEN *et al.*                                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Leonel Martinez's *pro se* complaint (DN 1) and its amendments (DNs 15 & 17) pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will allow an equal-protection claim to proceed, allow Plaintiff to file an amended complaint as to three claims, and dismiss all other claims.

### I. SUMMARY OF FACTS AND CLAIMS

Plaintiff, a convicted prisoner incarcerated at the Kentucky State Penitentiary (KSP), filed his complaint pursuant to 42 U.S.C. §§ 1981 and 1983 and Title VII. He brings this action against KSP Warden Randy White and KSP "U.A., Job Assignment Officer" Bill Harvey. As relief, Plaintiff seeks monetary damages in the amount of $2,500 and injunctive relief.

Plaintiff claims that each time he files for a prison job Defendant Harvey, "who is the one in charge of given inmates jobs refuses to give me any jobs that I have requested." Instead, claims Plaintiff, Defendant Harvey will give the job to an inmate "who has less clear conduct." He states, "I do feel discriminated against because I am Hispanic and he shows Favoritism to other inmates, As said I do feel discriminated against for personal reasons by Mr. Bill Harvey." Plaintiff states that he filed the instant action for the following reasons:

> Due to the lack of investigation into the matters of my grievance before the
> Warden that Justifies the right to an equal opportunity of Job placement has fully

been mishandleed for reasons of a personal conflict or other reasons of Bill Harvey and also Warden Randy White. These personal reasons are unknown to me. But I do feel that they are in force of Discriminating against me because I am Hispanic. Black and white men get Jobs with Less good time and even when I have more than a 70 days piord of good Time Bill Harvey still denies me a Job.

In the first amendment (DN 15), Plaintiff alleges that "people with the most clear time got the jobs that's not true because I had 70 days clear time and they gave White inmates with less than a week being in K.S.P. unasign is being locked down 20 Hours a day Monday Thru Friday 24 Hours a day Sat and Sun." He also alleges that he "cant take a shower due to this Lawsuit"; that "2 CH UA #2 Shift Lt #3 Shift Lt gives a special order to harrass me every time when officers doing pill call or serving trays they making racist comment to me and used vulgar abusive language"; that "I've been in the hole over 90 day #2 Shift Lt #3 Shift Lt Refuse to give a job people been here for 30 days They have jobs I been treat different for over 90 day"; and that "I asked for Spanish books but they just ignore me."

In the second amendment (DN 17), Plaintiff adds Skyla Grief, KSP Grievance Coordinator, as a Defendant to this action. He states, "I feel Skyla Grief is using discriminatory treatment not to mention using her professional position to her advantage and exercising her position in a unprofessional manner." He attaches a grievance that she rejected due to the lack of a date as to incident. Plaintiff claims that the "discriminatory treatment is in clear violation of the Fourteenth Amendment." He asserts, "Being that case number: 5:13CV-P53-R is Based on discriminatory treatment, it is only appropriate Skyla Grief be listed as a defendant due to her discrimination and preference to reject all grievances that are legitimate and filed by me."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under § 1915A. Under

§ 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Further, "under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

3

# III. ANALYSIS

## A. *42 U.S.C. § 1983*

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### 1. *Grievance Denials/Rejections*

Plaintiff complains about the handling of his grievances. He claims that Defendant White denied his grievance(s) and that Defendant Grief rejected a grievance.

There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003); *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006)

("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk–Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Thus, where the only allegation against a defendant relates to the denial/rejection of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged constitutional violation.

Therefore, the Court will dismiss the claims of denied/rejected grievances brought against Defendants White and Grief for failure to state a claim upon which relief can be granted.

The Court notes that in the second amendment to the complaint, Plaintiff asserts, "Being that case number: 5:13CV-P53-R is Based on discriminatory treatment, it is only appropriate Skyla Grief be listed as a defendant due to her discrimination and preference to reject all grievances that are legitimate and filed by me." This claim of discrimination is wholly conclusory and does not contain any facts which would state an equal protection claim. *See Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (stating that "some factual basis for the claims under § 1983 must be set forth in the pleadings" and "mere conclusory allegations of unconstitutional conduct" are insufficient); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983) (stating that conclusory allegations are insufficient to show that a defendant deprived the plaintiff of any statutory or constitutional rights). Any equal protection claim against Defendant Grief, therefore, must be dismissed for failure to state a claim upon which relief may be granted.

### *2. Request for Spanish Books*

Plaintiff states that his requests for Spanish books have been ignored. Plaintiff does not allege enough facts to state a constitutional claim. He does not allege that any named Defendant was personally involved, provide dates and circumstances surrounding his requests, or indicate whether there is a prison regulation or policy prohibiting such books. **Before dismissing this claim, the Court will allow Plaintiff to amend the complaint to provide more details with respect to this claim**.

### *3. Verbal Harassment*

Plaintiff alleges that non-Defendant officers have made racist comments to him and used vulgar abusive language.

Although reprehensible and not condoned, verbal abuse, harassment, and threats are insufficient to state a constitutional violation under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *see also Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment or idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Searcy v. Gardner*, Civil No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."); *McGowan v. Cantrell*, No. 1:05-cv-334, 2007 WL 2509704, at *16 (E.D. Tenn. Aug. 30, 2007) ("While defendants' alleged conduct is despicable and to be condemned, it does not violate the Constitution because neither verbal harassment nor threats constitute punishment within the context of the Eighth Amendment.").

The claims of verbal harassment and abuse, therefore, fail to state a claim upon which relief may be granted and will be dismissed.

### 4. *Retaliation*

In the first amendment, Plaintiff states that he "cant take a shower due to this Lawsuit."

> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (per curiam). While Plaintiff alleges that he was engaged in protected conduct by filing this lawsuit, he does not allege facts sufficiently demonstrating an adverse action. For instance, he does not indicate whether he was denied one shower or all showers or the duration of this denial. More importantly, Plaintiff fails to attribute this retaliation to any named Defendant. Thus, he fails to state a retaliation claim against them. **Before dismissing this claim, the Court will allow Plaintiff to amend his retaliation claim to include more details**.

### 5. *Placement in the Hole*

In construing the first amendment in a light most favorable to Plaintiff, it appears that he is alleging that for over 90 days he has been in "the hole" where he is "locked down 20 Hours a day Monday Thru Friday 24 Hours a day Sat and Sun." Plaintiff does not attribute his placement in these conditions to any named Defendant. He, therefore, fails to state a claim against them. **Before dismissing this claim, the Court will allow Plaintiff to amend this claim to include more details surrounding this claim**.

### *6. Denial Prison Employment*

Plaintiff claims that he is being denied prison employment based on his race. **The Court will allow this Fourteenth Amendment equal-protection claim to proceed against Defendants White and Harvey.**

To the extent Plaintiff also may be claiming that his denial of a prison job violates the Due Process Clause under the Fourteenth Amendment, he fails to state a claim. "[A] prisoner does not have a constitutional right to prison employment or a particular prison job." *Martin v. O'Brien*, 207 F. App'x 587, 590 (6th Cir. 2006) (citing *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989)); *see also Anderson v. Hascall*, 566 F. Supp. 1492, 1494 (D.C. Minn. 1983) ("It is beyond dispute that the Constitution itself does not create a protectable interest in the retention of a prison job."). Consequently, the due-process claim must be dismissed.

### **B. 42 U.S.C. § 1981**

Section 1981(a) of Title 42 of the United States Code has been construed as a prohibition against certain forms of racial discrimination. *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 608-10 (1987). The elements of a claim under § 1981 are: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e. make and enforce contracts, sue and be sued, give evidence, etc.)." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993).

While Plaintiff alleges that he is being denied a prison job because he is Hispanic, he fails to allege the involvement of any contract or otherwise state how the facts he alleges fall within the ambit of § 1981. Accordingly, his § 1981 claim must be dismissed.

*C. Title VII*

Under Title VII, "[i]t shall be an unlawful employment practice for an employer[] to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "It is unclear whether prisoners are protected under Title VII." *Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000). Even if prisoners are protected, "[i]t is well settled that a plaintiff must satisfy two prerequisites before filing a Title VII action in federal court: (1) timely file a charge of employment discrimination with the EEOC; and (2) receive and act upon the EEOC's statutory notice of the right to sue ('right-to-sue letter')." *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006) (citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)).

Plaintiff fails to plead that he received a right-to-sue letter from the EEOC or to attach a copy of his right-to-sue letter to his complaint. Because the "right-to-sue letter is a condition precedent" to bringing suit under Title VII, *see Rivers v. Barberton Bd. of Educ.*, 143 F. 3d 1029, 1032 (6th Cir. 1998); *E.E.O.C. v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999) ("An individual may not file suit under Title VII if she does not possess a 'right to sue' letter from the EEOC."), Plaintiff's Title VII claim must be dismissed.

## IV. ORDER

For the reasons above, and being otherwise sufficiently advised,

**IT IS ORDERED that the following claim shall continue past initial screening: the § 1983 equal-protection claim against Defendants White and Harvey**. In permitting this claim to proceed, the Court passes no judgment on the merits or the ultimate outcome of the action. The Court will enter a separate Scheduling Order governing the development of the continuing claim.

**IT IS ORDERED** that within **30 days** from the entry date of this Order, Plaintiff may file an amended complaint as to his § 1983 claims of retaliation and regarding his requests for Spanish books and his confinement in "the hole." Following the filing of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e)(2). **Should Plaintiff fail to file an amended complaint, the Court will enter an Order dismissing those claims**. The **Clerk of Court is DIRECTED** to place the instant case number on a § 1983 form and send it to Plaintiff for his use should he wish to file an amended complaint.

**IT IS FURTHER ORDERED** that all remaining claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Date:

cc: Plaintiff, *pro se*
      Defendants White, Harvey, Grief
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005