## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION

**LEONEL MARTINEZ**                                                                                  **PLAINTIFF**

**v.**                                                                                **CIVIL ACTION NO. 5:13CV-P53-GNS**

**RANDY WHITE, WARDEN** *et al.*                                                                  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Leonel Martinez, a convicted prisoner incarcerated in the Kentucky State Penitentiary (KSP), has filed a *pro se* amended complaint (DN 32) in response to a Court Order (DN 21).  Defendants Randy White and Bill Harvey, by counsel, filed a motion for the Court to screen the amended complaint pursuant to the Prison Litigation Reform Act (DN 34).  Plaintiff filed no response.  Upon consideration, **IT IS ORDERED** that the motion to screen (DN 34) the amended complaint is **GRANTED**.  For the reasons that follow, the Court will allow an equal protection claim to proceed against Defendants Josh Patton, Tim Lane, and CTO Victoria, and the Court will dismiss all other claims.

### I.

On initial review of the original complaint and its two amendments pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's Fourteenth Amendment equal-protection claim to proceed against Defendants KSP Warden Randy White and KSP "U.A., Job Assignment Officer" Bill Harvey based on Plaintiff's allegations that he is being denied prison employment because he is Hispanic (DN 21).  On initial review, the Court additionally allowed Plaintiff to file an amended complaint as to his claims of retaliation and regarding his requests for Spanish books and his confinement in "the hole."

In his amended complaint, Plaintiff sues Defendants White and Harvey as well as Shea Holliman; Programs Director Skyla Grief; UA Josh Patton; Deputy Warden Joel Dunlap; UA Tim Lane; and CTO Victoria. He sues all Defendants in their individual and official capacities and seeks monetary and punitive damages and injunctive relief "by stopping unfair treatment of and to inmate." The allegations raised in the amended complaint are discussed in further detail below.

## II.

Because Plaintiff is a prisoner suing governmental officers and proceeding *in forma pauperis*, the Court must review the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a trial court shall dismiss a complaint, or any portion thereof, if the court determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

### A.  *Official-Capacity Claims for Damages*

The official-capacity claims for damages against all Defendants fail. As state actors sued in their official capacity for damages, all Defendants are entitled to Eleventh Amendment immunity, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."), and are not "persons" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The official-capacity claims for damages, therefore, will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

### B.  Lack of Spanish Books

In the original complaint, the Court concluded that Plaintiff failed to allege sufficient facts to state a constitutional claim related to his claim that his requests for Spanish books have been ignored.  In the amended complaint, Plaintiff alleges that on June 25, 2014, "My Request for a Spanish Bible and or spanish books was denied!  OUR Prison Library does not have any spanish books and due to my and other people repeated request for spanish books Deputy Warden Scott Jordan and Program Director Dan Smith Refuse to get these."  While Plaintiff indicates that Deputy Warden Jordan and Program Director Smith refuse to get Spanish books, he does not name them as Defendants.  Furthermore, Plaintiff does not indicate that he cannot read English; an attached grievance reveals that there is a means by which he can request/access Spanish books; and he alleges no harm resulting to him from not having Spanish books in the prison library.  Plaintiff again failing to allege sufficient facts to state a constitutional claim regarding the lack of Spanish books at KSP, the claim will be dismissed.

### C.  Placement in "the hole"

On initial review of the complaint and its amendments, the Court construed Plaintiff's first amendment in a light most favorable to him and found that he was alleging that for over 90 days he was in "the hole" where he was "locked down 20 Hours a day Monday Thru Friday 24 Hours a day Sat and Sun."  Because Plaintiff failed to attribute his placement in these conditions to any named Defendant, the Court concluded that he failed to state a claim against them.

In the amended complaint, Plaintiff does not specifically mention this claim.  He does, however, allege that on August 7, September 18, and December 4, 2013, "I was given 90 days in the hole in Retaliation do to me filing greivances to protect me from being harassed by staff and

my mail being sent to other prisons to be translated when we have staff here to translate such mail."

> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  While the filing of grievances is protected conduct, *see Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010), and placement in "the hole" would be an adverse action, *id.* at 474 ("[R]estricting a prisoner's housing by placing him in administrative segregation constitutes an adverse action."), Plaintiff fails to identify any Defendant who was responsible for placing him in "the hole."  The claims related to his placement in segregation, therefore, will be dismissed.

### D. Denied Showers in Retaliation for Filing Lawsuit

In Plaintiff's first amendment, which the Court considered on its prior initial review of the complaint and its amendments, Plaintiff stated that he "cant take a shower due to this Lawsuit."  The Court concluded that Plaintiff did not allege sufficient facts to establish an adverse action because the extent of the denial of showers was unknown.  The Court further concluded that Plaintiff failed to attribute the alleged retaliation to any named Defendant.

In the amended complaint, Plaintiff claims that on August 7, September 18, and December 4, 2013, "while in segergation for 90 days staff worker's Ronald L. Smith, [C]hristopher J. Moore, Derek M. Roberts, James A Corley Refuse me showers and My mail being Read by staff while in the hole staff cuss me and throw my food trays in to my cell door slots."

4

Although he mentions that he was denied showers on three occasions, Plaintiff does not allege that this conduct was in retaliation for filing this lawsuit. Even considering that Plaintiff was denied showers on three occasions in retaliation for filing this lawsuit, the Court concludes that this does not constitute an adverse action. It is not clear whether Plaintiff also maintains that these four non-Defendants also read his mail, cussed him, and threw food trays into his cell door as retaliation, but the Court concludes that such conduct on three dates does not constitute an adverse action that would deter a person of ordinary firmness from continuing to file lawsuits. Further, as before, Plaintiff fails to attribute conduct to any named Defendant. On its prior initial review, the Court considered two amendments to the complaint and gave Plaintiff another opportunity to amend the complaint with respect to his retaliation claim, yet he chose not to name the four "staff worker's" as Defendants. For these reasons, this retaliation claim will be dismissed.[1]

### E.  Duplicate Claims

In the amended complaint, Plaintiff again claims that Defendant Harvey discriminated against him by denying him a prison job and again claims that Defendant Grief rejects grievances and discriminates against him. These claims were addressed on the Court's initial review of the complaint. The equal-protection claim against Defendant Harvey continued, and all claims against Defendant Grief were dismissed. As these claims have been addressed, the Court will not reconsider them here.

---

[1] Further, the Court finds no Eighth Amendment violation because Plaintiff does not allege that he has been denied "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Additionally, the Court finds no Fourteenth Amendment due process violation because these conditions did not impose an atypical and significant hardship on Plaintiff in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

### F. Additional Claims

In the amended complaint, Plaintiff raises additional claims. He states as follows:

> Shea Holliman in retaliation do to this Lawsuite has fully discreminated against me and my brother by refusing my brother visits! Also Josh Patton, Tim Lane, and Victoria use raceist remarks such as if you wont a job go back to Mexico. This has been happening from 7-19-14 thru 9-10-14 and even still to date! I wont this to stop! While I file applications for jobs they are over looked by the above people and given to other people who are white, black or indian!

### 1. Retaliation

As to the retaliation claim against Defendant Holliman, filing a lawsuit is protected conduct. However, grievances attached to Plaintiff's amended complaint reflect that his brother was not *refused* visits but was only limited in his visits. Plaintiff's brother was approved for "special visits" of a two-hour duration during Plaintiff's time in segregation and for a longer duration when he was released to general population on June 13, 2014. The Court does not find this limitation on visitation to be an adverse action in the instant case. The retaliation claim against Defendant Holliman, therefore, will be dismissed.

### 2. Denial of Prison Employment Based on Race

Plaintiff alleges that Defendants Patton, Lane, and Victoria have denied him jobs because he is Hispanic. The Court will allow this Fourteenth Amendment equal-protection claim to continue against these Defendants.

### III.

For the reasons set forth more fully above,

**IT IS ORDERED that the claim that Plaintiff was denied prison employment based on race under the Equal Protection Clause of the Fourteenth Amendment shall proceed against Defendants Patton, Lane, and Victoria**. The Court will enter a separate Order

regarding service on Defendants and a separate Scheduling Order governing the development of all continuing claims in this action.

**IT IS FURTHER ORDERED** that all other claims in the amended complaint (DN 32) are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; the official-capacity claims for damages also are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from Defendants immune from such relief.

**All claims having been dismissed against Defendants Holliman, Grief, and Dunlap, the Clerk of Court is DIRECTED to terminate them from this action.**

Date:  April 9, 2015

Greg N. Stivers, Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants Holliman, Dunlap, Patton, Lane, and Victoria
        Counsel of record
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.005