UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:13-CV-053-TBR

LEONEL MARTINEZ,                                                    PLAINTIFF

v.

RANDY WHITE, *Warden, et al.*,                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon three motions by Plaintiff Leonel Martinez: a Motion for this Court to Reject Defendants for Bringing False Claims, [R. 257]; a Motion for Default Judgment, [R. 258]; and a Motion for Sanctions, [R. 259]. The Defendants responded, [R. 260.] This matter is ripe for adjudication. For the reasons stated herein, Martinez's Motion for this Court to Reject Defendants for Bringing False Claims, [R. 257], is **DENIED**; Martinez's Motion for Default Judgment, [R. 258], is **DENIED**; and Martinez's Motion for Sanctions, [R. 259], is **DENIED**.

On May 15, 2018, this Court ordered the Defendants to make three surveillance videos requested by Martinez available to him for viewing. [R. 253 at 3-4.] On June 5, 2018, the Defendants responded to the order, stating that the videos requested "either never existed or have been overwritten during the normal security operations of the Kentucky State Penitentiary." [R. 254 at 5.] The Defendants filed an affidavit from the Deputy Warden of Security at Kentucky State Penitentiary, Steven Ford, explaining that without a reason to store the video footage, the data would have been overwritten within thirty days or less. [R. 254-1 at 1.] Subsequently, Martinez filed three motions in response to the Defendants' inability to produce the video footage. [*See* R. 257; R. 258; R. 259.] Essentially, these motions amount to a request for the

1

Court to sanction the Defendants for failing to provide the video footage that he previously requested.

Specifically, in Martinez's third motion, [R. 259], he asks the Court to sanction the Defendants pursuant to Federal Rule of Civil Procedure 37(e). [R. 259 at 1.] Rule 37(e) states:

> (e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> (A) presume that the lost information was unfavorable to the party;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

In deciding whether to assess sanctions for spoliation, the Court conducts a two-step inquiry. *In re Black Diamond Min. Co.*, 514 B.R. 230, 237 (E.D. Ky. 2014). First, the Court must determine whether sanctions are appropriate at all. *Id.* A spoliation sanction is warranted where the moving party establishes:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed "with a culpable state of mind"; and (3) that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)); *see also Adkins v. Wolever*, 692 F.3d 499, 504 (6th Cir. 2012) (holding all three-factors must be satisfied before spoliation sanction is permitted). Second, upon finding that sanctions are warranted, the Court enjoys considerable discretion in fashioning a suitable remedy. *See Adkins v. Wolever*, 54 F.3d 650,

652–53 (6th Cir. 2009) (en banc); *Flagg v. City of Detroit*, 715 F.3d 165, 177–78 (6th Cir. 2013). An obligation to preserve evidence only arises "when a 'party has notice that the evidence is relevant to litigation or . . . should have known that the evidence [might] be relevant to future litigation.'" *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 587 (6th Cir. 2009) (omission in original) (quoting *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008)), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, ___ U.S. ___, ___, 136 S. Ct. 663 (2016); *see also Beaven*, 622 F.3d at 553 (quoting *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)).

Here, Martinez argues that it is the prison's policy to preserve such videos for two years; thus, the prison allegedly still had custody of the video by the time this suit was filed. [R. 259 at 3.] In support of this argument, Martinez attached CPP 15.6, [R. 259-1]. This section of the prison's policy is titled "Functions of the Adjustment Committee, Adjustment Officer and Unit Hearing Officer" and describes the committee's duty to conduct hearings. [*Id*. at 2.] Specifically, the portion highlighted by Martinez states:

> The institution shall preserve *the audio tape recording of the hearing* for a period of two (2) years from the date of the Warden's review. If, through any mechanical malfunction, the recording is lost, nothing shall effect [sic] the ultimate decision of the committee or officer, pending the Warden's review.

[*Id*. at 3 (emphasis added).] As pointed out by the Defendants, this policy governs the preservation of the audio tape recording of a hearing in front of the Adjustment Committee, Adjustment Officer, or Unit Hearing Officer, not the preservation of security footage. Furthermore, Steven Ford averred that "the camera surveillance system recycles the video overwriting the previous data" and "[u]nless KSP is given a specific reason or qualifying event, for instance a prison riot, to save the stored data, the video would have been overwritten with subsequent recordings within a short period of time, 30 days or less." [R. 254-1 at 1.] The footage requested depicted events involving officers Amber Bray and Mary Herrell on February

3

3, 2015 and April 13, 2015, respectively. [R. 47 at 1-2.] However, Martinez's motion to add Bray and Herrell as parties to the law suit was filed over a month later, on May 18, 2015. [R. 47.] Thus, the Defendants were not put on notice that the surveillance footage was relevant to the litigation until after the footage was destroyed in the course of regular business. *See O'Brien*, 578 F.3d at 587. Accordingly, the Court finds that the Defendants did not have an obligation to preserve the footage in question.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**: Martinez's Motion for this Court to Reject Defendants for Bringing False Claims, [R. 257], is **DENIED**; Martinez's Motion for Default Judgment, [R. 258], is **DENIED**; and Martinez's Motion for Sanctions, [R. 259], is **DENIED**.

**IT IS SO ORDERED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

December 21, 2018

cc: Counsel of Record

Leonel Martinez, pro se
216925
LITTLE SANDY CORRECTIONAL COMPLEX
505 Prison Connector
Sandy Hook, KY 41171

4